PYRAMID PETROLEUM PRODUCTS COMPANY, APPELLANT, v. SAMUEL ABRAHAM, APPELLEE.

Argued January term, 1928—Decided August, 7, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the appellant, *Lloyd C. Riddle.*

For the appellee, *Insley, Vreeland & Decker.*

PER CURIAM.

The case was tried in the First District Court of Jersey City, without a jury. The plaintiff sued to recover the price of three deliveries of oil to the defendant.

The written contract called for the delivery in wagon load lots of Pyramid light fuel oil, without mention of gravity. During the negotiations leading to the consummation of the sale the plaintiff wrote to the defendant: "We are at present supplying fuel oil for several makes of burners, including the Williams Oilmatic, and we know from experience that Pyramid light fuel oil (24/26 gravity) is the oil your burner will handle most efficiently and economically."

The defendant filed a counter-claim, alleging the oil supplied was defective in quality and that its use damaged his oil burner and created soot and smoke which damaged his household furniture and decorations.

The counter-claim filed was in three counts, alleging—

(1) Breach of warranty of fitness of purpose and intended use.

(2) Negligently supplying oil unfitted for defendant's heating apparatus.

(3) Breach of contract in that a heavier oil of greater gravity than that called for in the contract was delivered.

The court found that the damage to the defendant's property was occasioned by reason of the plaintiff supplying oil either dirty or not adopted for use in the defendant's burner, and assessed the damage by deducting the cost of the oil from the amount allowed the defendant as damage, and entered judgment for the defendant for the amount of $112.44.

The plaintiff contends that there was no implied warranty as to the quality of the oil, because it was sold under the name "Pyramid Light Fuel Oil."

The court doubtless found a breach of an express warranty. The evidence which is not before this court may have justified the court in finding a breach of the contract, in that oil other than Pyramid fuel oil was supplied, which was a heavier oil or adulterated with dirt. In the absence of the testimony we must assume that the facts necessary to support the judgment were properly in evidence. *Upton* v. *Slater*, 83 *N. J. L.* 373.

·The judgment will be affirmed.